UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11966-RWZ

ARNOLD NOEL

v.

WORKOUT WORLD, INC., *et al.*

ORDER

July 14, 2011

ZOBEL, D.J.

Plaintiff Arnold Noel sues his former employer Workout World, Inc. ("WWI"), Steven Borghi, Joseph Masotta, and Elizabeth Beninati, all part-owners of WWI, a WWI regional manager named Toni Lee Henry, an attorney who represented WWI named Steven Rosenberg and the law firm at which he is a partner, Kurnos & Rosenberg, LLP, and Professional Fitness, alleging, in short, that they conspired to end his employment relationship with WWI. It is his third lawsuit against WWI arising out of his termination. All defendants other than Professional Fitness (the "WWI Defendants") move to dismiss on the basis of claim preclusion and for sanctions because, they allege, plaintiff filed a fraudulent affidavit with his complaint.

**I.   Background**

According to the complaint, Noel was hired by WWI, a chain of eleven health clubs in New England, as a personal trainer in January 2005 and promoted to head trainer on June 3, 2007. He was qualified for both positions and performed

satisfactorily. Nonetheless, he was fired in December 2007. Nearly a year later, in November 2008, a WWI employee named Darren Martin called Noel and provided two reasons for the termination. First, Noel, who is African-American, was fired because of his race. Compl. ¶¶ 41-44, Docket # 1. Second, he was fired because a company, Professional Fitness, offered to provide trainer services for a lower fee. Compl. ¶¶ 45-48.

Noel filed suit against WWI, Elizabeth Beninati, and Martin in the Massachusetts Superior Court on November 15, 2007, complaining that those defendants breached an agreement for Noel to provide personal training services and asserting various contract claims, tortious interference, and violation of Mass. Gen. Laws ch. 93A. Docket # 12, Ex. 1. On December 3, in what appears to correspond with Noel's alleged time of termination, the superior court denied plaintiff's motion for a preliminary injunction because he had an adequate remedy at law and ordered Noel to vacate the WWI premises. Docket # 12, Ex. 2. Plaintiff then failed to respond to discovery requests, and defendants moved successfully for a final judgment pursuant to Mass. R. Civ. P. 33(a), granted July 31, 2008. Docket # 12, Ex. 3.

Noel filed a second lawsuit arising from these same facts in the Massachusetts Superior Court against WWI, the other defendants in the present action, and additional parties, on May 17, 2010. He again asserted contract claims and tortious interference, and added a civil conspiracy claim, an abuse of process claim against Rosenberg, and other claims not relevant to this pending case that concerned conduct by particular defendants after the first lawsuit. Docket # 12, Ex. 4. On September 3, 2010, the

2

superior court dismissed all but the claims concerning post-lawsuit conduct.  Docket # 12, Ex. 5.  The court held that the Rule 33 dismissal in the first lawsuit was a final judgment on the merits, that the two lawsuits arose from the same transaction, and that the newly added individual defendants were acting as WWI employees, and therefore the contract and tort claims were barred by claim preclusion.  The claims against Rosenberg and his law firm were dismissed on the basis of judicial immunity because they arose from counsel's conduct representing the other defendants in the first lawsuit.  Id.

Plaintiff filed the instant lawsuit a scant two months thereafter.  It is the first with allegations of racial animus, and it asserts eight counts: (1) and (2) racial discrimination in violation of Title VII, 42 U.S.C. § 2000e; (3) racial discrimination in violation of Mass. Gen. Laws. ch. 151B, § 4; (4) violation of Mass. Gen. Laws ch. 93A; (5) intentional interference with contractual relations; (6) abuse of process by Rosenberg and his law firm; (7) violation of due process by Rosenberg and his law firm; (8) and civil conspiracy.

## II. Analysis

A federal court must give a state court judgment the same preclusive effect it would be given in the state in which it was rendered.  Giragosian v. Ryan, 547 F.3d 59, 63 (1st Cir. 2008).  In Massachusetts, claim preclusion "prevents the relitigation of all claims that a litigant had the opportunity and incentive to fully litigate in an earlier action."  Id. (citing Kobrin v. Bd. of Registration in Med., 832 N.E.2d 628, 634 (Mass. 2005) (internal quotation marks and ellipsis omitted).  Three elements must be present

to trigger claim preclusion: (1) the identity or privity of the parties in the present and prior actions; (2) the identity of the cause of action; and (3) a prior final judgment on the merits. Kobrin, 832 N.E.2d at 634.

The analysis is straightforward for the latter five counts. They are all but identical to counts dismissed in the earlier lawsuits, arising out plaintiff's contract dispute with defendants. It is clear what preclusive effect they would be given by a Massachusetts court because the Massachusetts Superior Court in the second lawsuit dismissed the tortious interference and conspiracy claims on the grounds of claim preclusion and expressly held that the dismissal of the first lawsuit operated as an adjudication on the merits, which dictates that the 93A claim, also pled in the first lawsuit, is subject to claim preclusion. Docket # 12, Ex. 5. Similarly, the superior court's dismissal of the claims against Rosenberg and his firm precludes plaintiff from relitigating those same claims in this lawsuit.

Plaintiff did not bring claims alleging racial discrimination in his earlier lawsuits. The requirement of identity of the cause of action is, however, more expansive than the terminology might suggest. It is satisfied where the prior claim arises from the same transaction or series of transactions "even though a party is prepared in a second action to present different evidence or legal theories to support his claim." Baby Furniture Warehouse Store, Inc. v. Meubles D & F Ltee, 911 N.E.2d 800, 806 (Mass App. Ct. 2009); see Tynan v. Attorney General, 900 N.E.2d 833, 834 (Mass. 2009) (affirming dismissal on the ground of claim preclusion where "there is nothing in the

complaint in the present case that was not, or could not have been, brought in the first complaint").

The underlying conduct giving rise to the racial discrimination claims, the termination of plaintiff's business relationship with the defendants, is the same conduct challenged in the first and second lawsuits. The racial discrimination claims allege a different motivation for that conduct which could support an alternate legal theory of liability. Plaintiff says he was informed of defendants' racist motivation in November 2008, Compl. ¶ 41, which is approximately 18 months prior to the filing of the second lawsuit. He offers no reason why he could not have brought the claims for racial discrimination, arising out of the same business transaction as the claims asserted in the second complaint, in that earlier lawsuit. They are barred by claim preclusion.

Professional Fitness has not entered an appearance and plaintiff has not filed proof of service. Service must be made within 120 day of filing the complaint. Fed. R. Civ. P. 4(m). That deadline has long passed. Plaintiff has until July 21, one week from today, to prove in the manner set forth in Fed. R. Civ. P. 4(l) that service was made within the 120-day period. If he fails to do so, the claim against Professional Fitness will be dismissed.

One final issue must be addressed. The WWI Defendants assert that plaintiff fabricated an affidavit filed with the complaint. The purported affiant gave unambiguous sworn deposition testimony that he did not sign the disputed affidavit. Docket # 5, Exs. 2, 3. Plaintiff does not concede the point and musters a grab bag of circumstantial evidence that, in his view, corroborates the authenticity of the affidavit.

Fabricating evidence and filing it with the court constitutes serious misconduct, subject to both civil and criminal penalties. For the moment, because it appears likely that the entire complaint will be dismissed, I do not find it necessary to hold a hearing and determine conclusively whether such misconduct occurred. If the lawsuit proceeds against Professional Fitness, I will revisit the issue.

### III. Conclusion

Workout World Defendants' motion to dismiss (Docket # 4) is ALLOWED.

|       July 14, 2011       |       /s/Rya W. Zobel       |
|:---:|:---:|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |